IN THE DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* and RAVINDRA GOGINENI,<br><br>    Plaintiffs/Relator,<br><br>vs.<br><br>FARGO PACIFIC INC., EDGAR L. MCCONNELL, and JAY S.H. PARK,<br><br>    Defendants. | CIVIL CASE NO. 17-00096<br><br>**REPORT & RECOMMENDATION**<br>re Damages Offset in Defendants' Fargo Pacific Inc. and Jay S.H. Park's Motion for Summary Judgment (ECF No. 94) |

The court previously issued a Report and Recommendation to Grant in Part and Deny in Part Motions for Summary Judgment filed by defendants Fargo Pacific Inc. ("Fargo"), Edgar L. McConnell and Jay S.H. Park (collectively the "Defendants"). *See* Report & Recomm., ECF No. 146. The court also issued a Report & Recommendation to Deny Relator's Motion for Partial Summary Judgment re Applicability of the Presumed Loss Rule. *See* Report & Recomm., ECF No. 170. This Report and Recommendation will address the remaining issue raised in the Motion for Summary Judgment filed by defendants Fargo and Park – whether any damages should be offset by the value of the roofing work received by the government. *See* Def. Fargo and Park's Mem. Supp. Mot. Summ. J. at 29-33, ECF No. 95. Having read the relevant filings, the court recommends that the value received by the government through the Defendants' performance is relevant to calculating damages.

Defendants Fargo and Park ask the court to find that "there are no actual damages to the

government." Def. Fargo and Park's Mem. Supp. Mot. Summ. J. at 29, ECF No. 95. At this stage in the pleadings, the court cannot make such a broad finding. The court cannot summarily conclude that the government got the benefit of its bargain because, as noted by the Relator, the government was deprived of an intangible benefit. "SBA 8(a) [business development] program policy and objectives are not advanced if the 8(a) participant's success resulted from illicit or fraudulent conduct." Relator's Concise Statement, Ex. A, Suppl. Decl. Michael Youth, at ¶23, ECF No. 114-1. The alleged fraud resulted in an unquantifiable injury to the 8(a) program that the Relator must still prove to the satisfaction of the trier of fact.

On the narrower issue of whether the benefit the government derived from the Defendants' performance of the roofing contracts, however, the court is guided by the language of the False Claims Act ("FCA") that allows for "3 times the amount of damages which the Government sustains *because of the act of that person*." 31 U.S.C. § 3729(a)(1) (emphasis added). As stated by one court, "[i]n calculating FCA damages, the fact-finder seeks to set an award that puts the government in the same position as it would have been if the defendant's claims had not been false." *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1278 (D.C. Cir. 2010).

A case cited by Defendants Fargo and Park is instructive on this issue and has facts similar to that presented here. In *Ab-Tech Construction, Inc. v. United States,* Ab-Tech was awarded an 8(a) subcontract for the construction of a an automated data processing facility. *Ab-Tech Const., Inc. v. United States*, No. 298-89 C, 31 Fed. Cl. 429, 430, 1994 WL 236969 (Fed. Cl. June 2, 1994), *aff'd sub nom. Ab-Tech Const. v. United States*, 57 F.3d 1084 (Fed. Cir. 1995). After the contract had been completed, the government discovered that Ab-Tech had entered into agreements with a third party that, if discovered earlier by the SBA, would not have qualified Ab-Tech for the award of the contract under the 8(a) program. *Id.* at 422-23. The federal government sought treble damages and penalties under the FCA, and the Court of Federal Claims stated

> Damages represent compensation for a loss or injury sustained. Here, however, no proof has been offered to show that the Government suffered any detriment to its contract interest because of Ab–Tech's falsehoods. Rather, viewed strictly as a capital investment, the Government got essentially what it paid for – an automated data processing facility built in accordance with the contract drawings and specifications. Thus, the court can discern no basis upon which to uphold the Government's demand for treble damages.

*Id.* at 434. In denying the government's claim to the entire contract sum, the court stated that "[a]lthough voidance of the contract would entitle the Government to a return of contract payments made to Ab-Tech, it would, at the same time, oblige the Government to acknowledge the value of any benefits it had received from the voided contract." *Id.* at n.7.

Here, similar to *Ab-Tech Construction*, the Navy awarded roofing contracts to Fargo. There does not appear to be a dispute that the government got what it contracted for – completed roofs and roofing repairs – despite the claim that Fargo was not eligible for the award because of the alleged undisclosed joint venture with McConnell.

The Relator urges the court to follow the court's holding in *United States ex rel. Savage v. Washington Closure Hanford LLC,* where the court determined that "the value received by the government through the contractor's performance is irrelevant to calculating damages." *United States ex rel. Savage v. Washington Closure Hanford LLC*, No. 2:10-CV-05051-SMJ, 2017 WL 3667709, at *4 (E.D. Wash. Aug. 24, 2017). There, the court acknowledged that "the alleged harm . . . is loss of business and experience going to eligible small businesses. This harm is not related to whether or not the Government received the services it bargained for under the contract."

The court agrees with *Savage* that the harm here is a loss to the 8(a) program and a loss to otherwise eligible small businesses. Thus, the court recommends that the benefit received by the government is only relevant to offset any damages that may result because the performance of the roofing work did not meet the contract specifications, if any. The value received by the government should not be used to offset any other damages resulting from injury to the 8(a) program or other damages proved by the Relator at trial.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Jan 19, 2024

**NOTICE**
**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**