IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA EX
REL. RAVINDRA GOGINENI,

    Plaintiff,

v.

FARGO PACIFIC INC., JAY S.H.
PARK, and EDGAR L. MCCONNELL,

    Defendants.

No. 1:17-cv-00096

OPINION

MOSMAN, J.,

This is an action brought under the False Claims Act, 31 U.S.C. § 3729 *et seq.* Ravindra Gogineni ("Relator") alleges that Defendants Fargo Pacific Inc. ("Fargo"), Edgar L. McConnell, and Jay S.H. Park (collectively "Defendants") defrauded the United States by entering into secret agreements that made Fargo ineligible for the government roofing contracts it was awarded. These contracts were part of the Small Business Administration's 8(a) development program that sets aside certain federal contracts for small businesses controlled by socially and economically disadvantaged individuals.

On November 3, 2023, Defendants filed their Joint Motion in Limine [ECF 184]. Oral Argument on the Motion in Limine was held on December 14, 2023. Defendants' first Motion in

1 – OPINION

Limine ("MIL 1") sought a ruling barring re-litigation of whether a consulting agreement (the "Consulting Agreement") between Mr. McConnell and Fargo was a "de facto" joint venture under the doctrines of issue preclusion or judicial estoppel. I took the MIL 1 under advisement and requested supplemental briefing, which Defendants and Relator both submitted on January 11, 2024 [ECF 208, 209]. The United States also submitted a Statement of Interest [ECF 210]. On January 19, 2024, I issued an Order [ECF 222] granting Defendants' MIL 1 as to all Defendants, with a brief written opinion to follow.

## BACKGROUND

In 2016, Fargo and Relator's company Infratech engaged in binding arbitration in which Infratech was held liable to Fargo. *See* Defs.' Mot. Limine [ECF 184] at 3. The Consulting Agreement between Mr. McConnell and Fargo was an issue in the damages phase of this 2016 arbitration because if Mr. McConnell's relationship with Fargo was akin to a joint venture, then Infratech would be liable to pay damages to Mr. McConnell in addition to Fargo. *Id.* To limit the damages, Relator argued that the McConnell-Fargo relationship was more like a regular consulting agreement, not a joint venture. Likewise, Fargo argued that it was a "de facto" joint venture. In 2017, the arbitrator issued his decision, which reduced Fargo's asserted damages by more than half, suggesting but not outright stating that he found no joint venture. *See* Second Am. Compl. [ECF 50-9] Ex. I (Phase II Decision).

## DISCUSSION

### I.  Issue Preclusion and Forfeiture

"Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity

2 – OPINION

with a party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (internal citation omitted). Here, the issue of whether there was a joint venture was necessarily decided when the arbitrator in the Infratech arbitration determined damages. I further find that there is privity because Relator is the real party in this case.

Relator argued that Defendants waived or forfeited the defense of issue preclusion by failing to bring the defense in a dispositive motion. Defendants argued they did not forfeit their res judicata defense because there would be no prejudice to Relator and the public interest in avoiding inconsistent results, promoting judicial economy, and preventing unfair results would be advanced if res judicata is applied. Forfeiture is the failure to timely assert a right. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019). In deciding whether to overlook forfeiture to apply res judicata, courts balance public and private interests, and are more likely to overlook forfeiture where public interests outweigh private. *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1131 (9th Cir. 2019).

The balancing approach "generally favors forgiving forfeiture of issue preclusion more often than claim preclusion." *Id.* This is in large part because plaintiffs "can not ordinarily be prejudiced" by being held to a prior determination of an issue that they "had a full and fair opportunity to actually litigate." *Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 328–29 (9th Cir. 1995). I hold that the balance of public and private interests here favors forgiving forfeiture and applying res judicata because Relator had notice of and benefitted from his argument that there is no "de facto" joint venture in the Infratech arbitration.

3 – OPINION

## CONCLUSION

In conclusion, Relator is barred from re-litigating whether the McConnell-Fargo consulting agreement was a "de facto" joint venture. This decision does not necessarily preclude Relator from arguing that the consulting agreement improperly gave McConnell control under a different theory.

DATED this 14th day of February, 2024.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION